MATTER OF YUEN

In Deportation Proceedings

A-4095143

*Decided by Board August 3, 1967*

Notwithstanding respondent's full and unconditional pardon by the Governor of the State of California for his narcotics conviction, motion to reopen to apply for the benefits of section 249, Immigration and Nationality Act, as amended, is denied since the pardon is ineffective under section 241(b) of the Act to immunize him from deportation on the ground of his narcotics violation (and once admitted, he would be subject to immediate deportation under section 241(a)(11)), nor does it remove the narcotics ground of inadmissibility under section 212(a)(23).

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Narcotic law, conviction: California Narcotic Act, selling morphine.

ON BEHALF OF RESPONDENT: Joseph P. Fallon, Jr., Esquire
Fallon, Hargreaves & Bixby
559 Washington Street
San Francisco, California 94111
(Brief filed)

The respondent, a native of the mainland of China and a citizen of the Republic of China on Formosa, has been found deportable as one convicted of a narcotic violation pursuant to section 241(a)(11) of the Immigration and Nationality Act (8 U.S.C. 1251(a)(11)). An order providing for the respondent's deportation to Hong Kong and in the alternative to the Republic of China on Formosa was entered by the special inquiry officer on April 20, 1965. There was no appeal from this decision.

The respondent now moves for a reopening of the proceedings to afford him an opportunity to apply for the creation of a record of lawful admission for permanent residence under section 249 of the Immigration and Nationality Act (8 U.S.C. 1259). The special inquiry officer, in an order dated June 14, 1967, denied the motion. The respondent appeals from this order.

The respondent is a married male alien, 61 years of age, who last

entered the United States through the port of San Francisco, California on August 19, 1948. He entered as a returning resident alien on this occasion. The respondent originally entered the United States through the same port on March 3, 1922 as a merchant's son.

The respondent was convicted in the Superior Court of the State of California, San Francisco County, on February 24, 1938 for willfully, unlawfully and feloniously selling a preparation of morphine in violation of the Narcotic Laws of the State of California. He was sentenced to the State Prison for six years and was paroled on October 28, 1941. He was discharged from parole on April 28, 1942.

The respondent was granted a full and unconditional pardon by the Governor of the State of California for the narcotic offense on December 20, 1965. His motion for relief is based upon a claim that the pardon wipes out his narcotic conviction which in turn removes a ground of inadmissibility under section 212(a) of the Immigration and Nationality Act, thereby making him eligible for the creation of a record of lawful admission for permanent residence pursuant to section 249 (*supra*).

The special inquiry officer denied the motion on the ground that the respondent is ineligible for relief under section 249 (*supra*) because of the provisions of section 241(b) and section 212(a)(23) of the Act. The special inquiry officer reasons that notwithstanding the fact there is no expressed provision of the Immigration and Nationality Act rendering a pardon ineffective to prevent excludability, the respondent would immediately upon reentry be deportable under section 241(a)(11) as section 241(b) renders his pardon unavailable as a waiver of deportability.

Counsel urges error in the conclusion reached by the special inquiry officer. He argues that the respondent is not inadmissible under section 212(a)(23) of the Act because the restriction found in section 241(b) has no application to an exclusion proceeding. Counsel relies upon a case decided by the Supreme Court wherein it was stated that "A pardon reaches both the punishment prescribed for the offense and the guilt of the offender; and when the pardon is full, it releases the punishment and blots out of existence the guilt, so that in the eye of the law the offender is as innocent as if he had never committed the offense." *Ex parte Garland*, 71 U.S. 366, 377 (1867). Counsel urges that under the authority of the *Garland* case (*supra*) the respondent's pardon has the effect of waiving his excludability under section 212(a)(23) of the Act.

Section 249 of the Immigration and Nationality Act provides, inter alia, "A record of lawful admission for permanent residence may . . . be made in the case of any alien . . . if . . . such alien shall satisfy

the Attorney General that he is not inadmissible under section 212(a) insofar as it relates to . . . violators of the narcotic laws . . ." Accordingly, a record of lawful admission cannot be created in behalf of the respondent unless the pardon granted him by the Governor of California removes the ground of inadmissibility set forth in section 212(a)(23) of the Act.

We believe that the respondent's ineligibility for relief under section 249 is controlled by the last sentence of section 241(b) which renders a pardon ineffective in the case of any alien who has been convicted of a narcotic violation. A grant of permanent residence under section 249 would not make the respondent immune from deportation because his pardon does not waive a narcotic conviction. Since the respondent would be subject to immediate deportation under section 241(a)(11) of the Act once he was admitted and since there is a provision of section 241(a) which renders an alien deportable if he was excludable by law at the time of entry, we find no logical reason to support a conclusion that the pardoning provisions of section 241(b) apply to a narcotic ground of excludability without the limitation which denies the waiver to an alien "who is charged with being deportable" as a narcotic violator. Under the circumstances, we find that the respondent is ineligible for the creation of a record of lawful admission under section 249 of the Immigration and Nationality Act. Regardless of the pardon which sets aside the respondent's conviction, nevertheless he is a "violator" as that term is used in section 249 (*supra*).

Counsel maintains that that portion of section 241(b) (*supra*) which limits the pardoning power of the executive branch of the Government is unconstitutional and not properly the subject of legislative control. This Board has consistently held that it is not within our province to pass upon the constitutionality of the statutes we administer. *Matter of L—,* 4 I. & N. Dec. 556 (B.I.A., November 21, 1951). We affirm the order entered by the special inquiry officer denying the respondent's motion to reopen the proceedings and will dismiss the appeal.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.